IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ROBERT BONDS (PEEPLES), | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2026-D/P |
| SHELBY COUNTY, et al., | X | |
| Defendants. | X | |

ORDER ASSESSING $150 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Robert E. Bonds (Peeples),[1] Tennessee Department of Correction prisoner number 166115, an inmate at the Shelby County Detention Center ("SCDC")[2] in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on January 6, 2005 in connection with his previous confinement at the Shelby County Criminal Justice Complex ("Jail"), where his booking number was 03135616.[3] The Clerk

---

[1] The plaintiff's name on the complaint is listed as "Robert Bonds" and as "Robert Bonds (Peeples)," whereas his name on the in forma pauperis affidavit is listed as "Robert Peeples (Bonds)." Plaintiff has signed his complaint as "Robert Bonds" but filed his grievances under the name "Robert Peeples." As the plaintiff is apparently incarcerated under the name "Robert Peeples," the Court will use that name in this order.

[2] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[3] The Clerk is ORDERED to correct the docket to reflect the plaintiff's current address.

shall record the defendants as Correctional Medical Services, Inc. ("CMS"); Shelby County;[4] Shelby County Sheriff Mark H. Luttrell, Jr.; Health Care Administrator Tony Cooper; Dr. Stipanuk; and Nurse Samples.

I. <u>Assessment of Filing Fee</u>

Under the PLRA, 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[5] The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an <u>in forma pauperis</u> affidavit containing a certification by the trust fund officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in

---

[4] The Court construes the plaintiff's allegations concerning the "Shelby County Sheriff's Department" as an attempt to assert a claim against Shelby County.

[5] Because this action was filed prior to March 7, 2005, the new $250 civil filing fee is inapplicable.

2

plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change

3

of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the SCDC to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Analysis of Plaintiff's Claims

The complaint alleges that, on or about September 1, 2004, the plaintiff had a boil in his groin. Because he was deemed to be contagious, he was placed in isolation. Nurse Samples provided the plaintiff with medication to treat the boil. At the same time, plaintiff told the nurse that he was experiencing eye irritation and headaches which he believed could be related to high blood pressure. Defendant Samples took the plaintiff's blood pressure and stated that it was normal, but she prescribed blood pressure medication anyway.

By September 27, 2004, after he had completed the treatment for the boil, the plaintiff's eye irritation and headaches worsened. Plaintiff asked to see a specialist to determine why he was on blood

4

pressure medication, but his request was denied. The plaintiff asserts that his request to discontinue the blood pressure medication was denied. The plaintiff also speculated that his symptoms might be attributable to lead poisoning.

Finally, the plaintiff asserts that he has not had adequate access to the legal room.

The plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

5

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, No. 03-2331, slip op. at 4-7 (6th Cir. Apr. 27, 2005).[6]

In this case, the plaintiff has attached copies of grievances to his complaint. Plaintiff filed a grievance (Grievance No. 096272) on or about September 29, 2004 in which he complained that he asked to see Dr. Stipanuk because he believed he was suffering from lead poisoning but two unknown nurses apparently would not let him do so. The matter was found grievable on October 6, 2004.

---

[6] This opinion, which will be published in the Federal Reporter, is not yet available on WESTLAW.

6

The first-level response, which was dated October 15, 2004, stated that, "according to the Medical Department, your concern has been addressed" and invited him to submit a health-care request if he had further symptoms. Plaintiff appealed, and his appeal was denied on the basis of a memorandum written by defendant Cooper and dated November 16, 2004, which stated, in pertinent part, that "[r]eview of inmate Peeple's medical records show that he has been seen by medical providers and his immediate medical concerns have been addressed. At present there is no indication for any additional treatment or testing to be performed." Accordingly, it appears that the plaintiff has exhausted his claim against defendant Stipanuk for failing to test him for lead poisoning.

Plaintiff filed a second grievance (Grievance No. 096962) on or about September 29, 2004 in which he alleged that defendant Summers provided him with blood pressure medication even though he did not have high blood pressure. The grievance also mentioned the plaintiff's theory that he has lead poisoning. The matter was deemed nongrievable on October 6, 2004. The explanation for that decision is almost illegible, but it appears to say that is it necessary to submit a health care request form in order to give the Medical Department the opportunity to address the issue before filing a grievance. It is not clear whether the plaintiff submitted a health care request form concerning this matter after receiving this

7

response to his grievance.[7] Even if he did, there is no indication that the plaintiff filed a subsequent grievance on this matter.

Plaintiff filed a third grievance (Grievance No. 096970) on or about September 29, 2004. The document, which is almost too light to be legible, plaintiff complained that he was not permitted to use the law library on September 21 and 28. The matter was deemed nongrievable on or about October 6, 2004. The legible portion of the response to the grievance states that the plaintiff can request legal materials and the paralegal will get them for him. It appears that the plaintiff has adequately demonstrated that he exhausted the available administrative remedies with respect to his claim.

Several aspects of plaintiff's complaint have not been exhausted. First, plaintiff has not exhausted his claims concerning defendants Luttrell and Cooper, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504. Second, there is no indication that plaintiff even attempted to exhaust his claim that Jail officials refused to let him discontinue the blood pressure medication. Even though the plaintiff has exhausted his claims concerning the failure to test him for lead poison and access to the law library, the complaint plainly contains

---

[7] Although the plaintiff attached copies of several health care request forms to his complaint, the only legible forms do not postdate the decision finding this matter nongrievable.

8

unexhausted claims and, therefore, it must be dismissed pursuant to Jones Bey.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489.[8] Accordingly, the Court DISMISSES the plaintiff's complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure

---

[8] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Id.

9

to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and he may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[9] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this __11th__ day of May, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[9] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02026 was distributed by fax, mail, or direct printing on May 13, 2005 to the parties listed.

---

Robert Bonds
SHELBY COUNTY DETENTION CENTER
166115
1045 Mullins Station Road
Memphis, TN 38134

Robert Bonds
03135616
201 Poplar Ave.
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT